# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SERGIO ELIAS MENDEZ-MENDEZ, | |
| Petitioner, | 8:17CV493 |
| vs. | ORDER |
| U.S. DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION & CUSTOMS ENFORCEMENT; AND OFFICE OF ENFORCEMENT AND REMOVAL OPERATIONS | |
| Respondents. | |

This matter is before the Court on petitioner Sergio Elias Mendez-Mendez's ("Mendez-Mendez") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Filing No. 1). Mendez-Mendez was arrested in Iowa for Operating While Under the Influence on November 18, 2017. After posting a bond in the amount of $2,000, Mendez-Mendez was taken into custody by Immigration and Customs Enforcement ("ICE") on November 24, 2017. He then received a Notice to Appear for Immigration Court. Mendez-Mendez claims he is unable to resolve the pending Iowa charges due to his remaining in ICE custody. Mendez-Mendez remains in ICE custody at Hall County Corrections in Grand Island, Nebraska. He seeks an order administratively closing the removal proceedings and instructing ICE to release him, or, alternatively, an order instructing the Immigration Court to allow him to post bond.

When considering a petition for habeas relief under 28 U.S.C. § 2241, the Court must "issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

It plainly appears from the petition that Mendez-Mendez is not entitled to relief because he never asserts that his "custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Mendez-Mendez's only citation of any law is a summary recital of *Demore v. Kim*, 538 U.S. 510 (2003), for the proposition that courts can review executive detention. In *Demore*, the petitioner specifically challenged his detention pursuant to 8 U.S.C. § 1226(c), alleging the failure to make a determination that he posed either a danger to society or was a flight risk violated his due process rights. *Id*. at 514. Mendez-Mendez fails to make any similarly specific allegations against ICE. His Petition merely describes the facts of his case and seeks release or an order instructing the Immigration Court to allow Mendez-Mendez to post bond. Accordingly,

IT IS ORDERED:
1. Mendez-Mendez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Filing No. 1) is denied without prejudice.
2. A separate judgment in accordance with this Order will be entered this date.

Dated this 10th day of January, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge